**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **HEATHER SMITH, MARY JO O'BRIEN, and SHANIA PAULEY,** individually and on behalf of others similarly situated, | : : : : | Case No. 1:20-cv-171 |
| | : | **Judge** |
| **Plaintiffs,** | : : | |
| v. | : : | **PLAINTIFFS' COMPLAINT AND JURY DEMAND** |
| **LITTLE HANDS BIG HEARTS CHILDCARE** | : : : | |
| and | : : | |
| **CRYSTAL DAVIS** | : : | |
| **Defendants.** | : | |

**PRELIMINARY STATEMENT**

1. This is a collective action and class action brought by Heather Smith, Mary Jo O'Brien, and Shania Pauley (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, to recover unpaid overtime and minimum wage compensation from their employers.

2. Defendants have employed numerous non-exempt employees who have worked more than 40 hours in a week, but who have not been paid the legally required amount for their overtime hours.

3. Defendants have employed numerous non-exempt employees who have not been paid the statutory minimum wage.

4. Defendants continue to employ numerous non-exempt, salaried employees who are working more than 40 hours in a week, are not being paid the legally required amount for their overtime hours and/or not being paid the statutory minimum wage.

1

5. Plaintiffs bring this action (1) as opt-in collective actions on behalf of themselves and all similarly situated individuals for violations of the Federal Fair Labor Standards Act, 29 U.S.C §201, *et seq.* ("FLSA"); (2) on behalf of themselves and a class of others pursuant to the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §4111, *et seq.*; and (3) on behalf of themselves and a class of others pursuant to Section 34a of Article II, Ohio Constitution.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C §1331 due to the claim made under the FLSA.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) to hear Plaintiffs' state law claims.

8. Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C §1391, because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiffs**

9. Plaintiff Smith is a resident of this judicial district. Plaintiff Smith worked for Defendants from November 2018 to January 2020.

10. Plaintiff O'Brien is a resident of this judicial district. Plaintiff O'Brien began working for Defendants on October 7, 2019, and continues to be employed by Defendants.

11. Plaintiff Pauley is a resident of this judicial district. Plaintiff Pauley began working for Defendants in July 2019 and ceased her employment in November 2019.

12. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals ("FLSA Collectives") pursuant to the FLSA, 29 U.S.C §216(b), Plaintiffs and the FLSA

Collectives were, or are, employed by Defendants as non-exempt employees subject to Defendants' overtime and pay policies, and work or have worked for Defendants during the applicable statutory period.

13. Plaintiffs and the FLSA Collectives are current and former non-exempt employees of Defendants within the meaning of the FLSA, and were employed by Defendants within three years of the date this Complaint was filed. *See* 29 U.S.C. §255(a).

14. Plaintiffs also bring this action under Ohio Rev. Code §4111 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs and the putative Rule 23 Class were employees employed by Defendants in Ohio during the applicable statutory period.

**Defendants**

15. Defendant Little Hands Big Hearts ("LHBH") is an Ohio licensed childcare center. Upon information and belief, Defendant LHBH operates facilities in Ohio and Kentucky, with its principal office at 784 Old State Route 74, Cincinnati, Ohio 45245. Defendant LHBH does not appear to be incorporated or registered as a limited liability company in the state of Ohio.

16. Defendant Crystal Davis, is, upon information and belief, the sole owner, officer, director, and/or shareholder of Defendant LHBH. She is responsible for the employment policies complained of herein.

17. Defendants provide childcare services.

18. Upon information and belief, Defendants' gross annual sales made or business done has been in excess of $500,000 at all relevant times.

19. At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA §203(d). Defendants are also "employers" under Ohio Rev. Code. §4111.03.

20. Defendants operate in interstate commerce by, among other things, maintaining offices in both Ohio and Kentucky and ordering supplies and equipment from various states.

21. Defendants subject Plaintiffs and the other similarly situated employees to the same payroll policies and procedures. Upon information and belief, Defendant Davis is the final step in the grievance procedure available to all employees, resolves all paycheck disputes, and is designated as the person responsible for authorizing overtime for all employees.

## FACTUAL ALLEGATIONS

22. Plaintiffs and the putative collective/class members are individuals who were or are employed by Defendants, who were so employed in non-exempt positions and who were subject to Defendants' policy and/or practice of not paying the required overtime premium and/or minimum wage.

23. Defendants initially hire their employees as hourly employees. When these hourly employees work in excess of 40 hours a week, like Plaintiff Pauley, Defendants compensate them with either straight time or no additional pay.

24. When it becomes clear to Defendants that an employee is going to consistently work in excess of 40 hours a week, Defendants offer to move employees, such as the Plaintiffs, to salary. Defendants falsely tell Plaintiffs that they will make more money by switching from hourly to salary compensation.

25. Defendants prefer to pay a $400 per week salary to their employees to avoid paying the amounts required under both federal and state wage and hour laws.

26. For an as yet unknown period of time, Plaintiffs and the putative collective/class members were paid at a salary of $400 per week to supervise and monitor children left in Defendants' care.

27. When Plaintiffs and the putative collective/class members worked in excess of 40 hours in a workweek, Defendants gave them no additional compensation.

28. Upon information and belief, the overtime premium is still not being paid to employees who work an excess of 40 hours per workweek.

29. In many cases, employees will work in excess of 47 hours per workweek, at which point their salary compensation is less than the minimum wage required in the state of Ohio.

30. Defendants suffered and permitted Plaintiffs and the putative collective/class members to work for wages below the minimum required by federal and state law.

31. Defendants suffered and permitted Plaintiffs and the putative collective/class members to work more than 40 hours in a week without paying them the legally mandated overtime premium.

32. Defendants were aware, or should have been aware, that Plaintiffs and the putative collective/class members performed non-exempt work that required payment of overtime compensation and the minimum wage.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

34. Plaintiffs file this action on behalf of themselves and all similarly situated individuals. Plaintiffs propose two FLSA collectives.

35. The first proposed FLSA collective is defined as follows:

> All persons who worked as non-exempt employees for Defendants, and who worked in excess of 40 hours in any workweek, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("FLSA Collective I").

36. The second proposed FLSA collective is defined as follows:

> All persons who worked as non-exempt employees for Defendants, and who were paid below the minimum wage for their hours worked ("FLSA Collective II").

5

37. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. §216(b). Plaintiffs' signed consent forms are attached as Exhibit A.

38. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

39. During the applicable statutory period, Plaintiffs and the putative collective members often worked in excess of 40 hours in a workweek without receiving overtime compensation for their overtime hours worked.

40. During the applicable statutory period, Plaintiffs and the putative collective members often received less than the minimum wage as compensation for their work.

41. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to pay their salary, non-exempt employees overtime compensation when they were fully aware these employees were working overtime hours, and by deliberately devising a scheme to avoid the overtime obligation. Specifically, Defendants moved employees from hourly pay to salary in order to avoid paying overtime. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. §255.

42. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## **OHIO CLASS ALLEGATIONS**

43. Plaintiffs (the "Ohio Class Representatives") bring this action under Ohio Rev. Code §4111 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and section 34a of Article II, Ohio Constitution on behalf of the following defined class:

    All persons who worked as non-exempt salary employees for Defendants, and who worked in excess of 40 hours in any workweek, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek and/or were paid below the minimum wage for their hours worked ("Ohio Class").

44. Numerosity: Upon information and belief, the proposed Ohio Class is so numerous that joinder of all members is impracticable. The Ohio Class Representatives are informed and believe, and on that basis allege, that during the applicable statutory period, Defendants employed over 20 people who satisfy the definition of the proposed Ohio Class.

45. Typicality: The Ohio Class Representatives' claims are typical of the members of the Ohio Class. The Ohio Class worked unpaid overtime hours similar to the Ohio Class Representatives, and both the Ohio Class Representatives and the Ohio Class were subject to Defendants' policies and practices of failing to pay appropriate overtime compensation.

46. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the defendants.

47. Adequacy: The Ohio Class Representatives will fairly and adequately protect the interests of the Ohio Class and have retained counsel experienced in wage and hour class and collective action litigation.

48. Commonality: Common questions of law and fact exist to all members of the Ohio Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether Defendants improperly classified and treated the Ohio Class Representatives and the members of the Ohio Class as exempt from Ohio wage and hour laws;

    b. Whether Defendants unlawfully failed to pay appropriate overtime compensation to the Ohio Class Representatives and the members of the Ohio Class in violation Ohio wage and hour laws;

    c. Whether Defendants' actions were willful; and

    d. The proper measure of damages sustained by the Ohio Class Representatives and the Ohio Class.

49. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Ohio Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

50. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions only affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Ohio Class the overtime pay to which they are entitled. The damages suffered by the individual Ohio Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

51. Plaintiffs intend to send notice to all members of the Ohio Class to the extent required by Rule 23. The names and addresses of the members of the Ohio Class are available from Defendants.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(On behalf of Plaintiffs and the FLSA Collective I)**

52. Plaintiffs and the FLSA Collective I restate and incorporate by reference the above paragraphs as if fully set forth herein.

53. The FLSA, 29 U.S.C. §207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

54. Defendants often suffered and permitted Plaintiffs and the FLSA Collective I to work more than 40 hours in a workweek without overtime compensation.

55. Defendants violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective I at the required overtime rate.

56. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective I have suffered a loss of income.

57. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

## COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY MINIMUM WAGE

**(On behalf of Plaintiffs and the FLSA Collective II)**

58. Plaintiffs and the FLSA Collective II restate and incorporate by reference the above paragraphs as if fully set forth herein.

59. The FLSA, 29 U.S.C. §206, requires employers to pay non-exempt employees the federal minimum wage ($7.25 per hour) for all hours worked.

60. Defendants often suffered and permitted Plaintiffs and the FLSA Collective II to work for less than the federal minimum wage.

61. Defendants violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective at the required minimum wage.

62. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered a loss of income.

63. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

**COUNT III – VIOLATION OF OHIO REV. CODE §4111.01, *ET SEQ*.**

**UNPAID OVERTIME COMPENSATION AND UNPAID MINIMUM WAGE**

**(On behalf of the Ohio Class Representative and the Ohio Class)**

64. The Ohio Class Representatives and the Ohio Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

65. Ohio Rev. Code §4111.03 requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

66. Ohio Rev. Code §4111.10 makes employers who violate Ohio Rev. Code §4111.03 liable to the affected employees in the amount of unpaid wages, costs, and attorneys' fees.

67. Defendants violated Ohio Rev. Code §4111.03 by regularly and repeatedly failing to compensate the Ohio Class Representatives and the Ohio Class at the required overtime rate.

68. Ohio Rev. Code §4111.02 requires employers to pay the minimum wage specified in Section 34a of Article II, Ohio Constitution.

    a. The minimum wage in Ohio for 2018 was $8.30 per hour;

    b. The minimum wage in Ohio for 2019 was $8.55 per hour;

    c. The minimum wage in Ohio for 2020 is $8.70 per hour.

69. Section 34a of Article II, Ohio Constitution makes employers who violate its provisions liable to the affected employees in the amount of back wages, an additional two times the amount of the back wages as damages, costs, and attorneys' fees.

70. Defendants violated Ohio Rev. Code §4111.02 by regularly and repeatedly failing to compensate the Ohio Class Representatives and the Ohio Class at the required minimum wage.

71. As the direct and proximate result of Defendants' unlawful conduct, the Ohio Class Representatives and the Ohio Class have suffered a loss of income.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, on behalf of themselves and those similarly situated, pray for judgment against Defendants as follows:

1. Designation of this action as collective actions on behalf of Plaintiffs and the FLSA Collectives, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collectives apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

2. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA and Ohio state law;

4. Judgment against Defendants for violation of the overtime provisions of the FLSA and Ohio state law;

5. Judgment that Defendants violations of the FLSA were willful;

6. An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

7. An award of post-judgment interest;

8. An award of reasonable attorneys' fees and costs;

9. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

10. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

*/s/ Stephen E. Imm*_____
Stephen E. Imm (0040068)
Matthew S. Okiishi (0096706)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
(513) 943-6659
(513) 943-6669 (fax)
stephen@finneylawfirm.com
matt@finneylawfirm.com

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

*/s/ Stephen E. Imm*_____
Stephen E. Imm (0040068)