IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| HEATHER SMITH, et al., | : | Case No. 1:20-cv-171 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| v. | : | |
| LITTLE HANDS BIG HEARTS CHILDCARE, et al., | : | |
| Defendants. | : | |

**ORDER**

This matter is before the Court on the motion to withdraw as counsel for Defendants (Doc. 15), Plaintiffs' motion to compel (Doc. 16), and Defendants' motion for extension (Doc. 17). Also pending is Plaintiffs' motion for leave to amend the complaint (Doc. 12).

Defense counsel seeks to withdraw from the matter due to irreconcilable differences that have arisen between themselves and Defendants. (Doc. 15.) They represent that their attempts to communicate with Defendants have been unsuccessful. This dilemma has apparent repercussions in resolving ongoing discovery matters, which appear to be the subject of Plaintiffs' motion to compel discovery. (*See* Doc. 16.)

One defendant, Little Hands Big Hearts Childcare ("LHBH"), is a limited liability company organized in the Commonwealth of Kentucky. (Answer, Doc. 2, ¶ 15.) In federal court, a corporate entity may not represent itself; it may only appear through an

1

attorney. *E.g., Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Therefore, this matter cannot proceed substantively until new counsel enters an appearance on behalf of LHBH. That said, defense counsel will not be required to continue to represent a client who is not communicating with them. Accordingly, for prompt resolution of the issues currently stalling this case, the Court **GRANTS** the motion to withdraw and **STAYS** this matter for 30 days in order to provide Defendants LHBH and Crystal Davis time to retain new counsel. Defendants are hereby advised that they must promptly seek counsel to represent them in this litigation, as Plaintiffs are entitled to move their case forward. Defendants' failure to retain counsel within a reasonable timeframe may result in adverse consequences, including an entry of default and the issuance of default judgment. *See Iron Workers Dist. Council of S. Ohio & Vicinity Benefit Tr. v. K-COR, LLC*, No. 3:14-CV-368, 2015 WL 10742767, at *1 (S.D. Ohio Nov. 13, 2015).

The Court **DENIES** Plaintiffs' motion to compel discovery without prejudice to renew its arguments using the proper procedure, if necessary, after Defendants retain new counsel and the parties make a good faith effort to resolve the dispute. The Court further directs the parties to the undersigned's standing order, section II.A., for instruction on discovery disputes. Furthermore, because the motion to withdraw (Doc. 15) was filed six days after the motion for leave to amend the complaint (Doc. 12), and the time for a response has ended, new counsel will obviously have inadequate time to respond to the motion for leave. Thus, the Court **GRANTS** Defendants' motion for extension (Doc. 17). The deadline for a response to the motion for leave to amend the complaint will be 21 days after new counsel enters an appearance.

2

Accordingly, the Court orders as follows:

(1) The motion to withdraw (Doc. 15) is **GRANTED**;

(2) The motion to compel (Doc. 16) is **DENIED**;

(3) The motion for extension (Doc. 17) is **GRANTED** and Defendants shall have 21 days after new counsel enters an appearance to respond to the motion for leave to amend the complaint (Doc. 12).

(4) This case is hereby **STAYED** for 30 days so that Defendants may retain new legal counsel.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND